| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

| | |
|---|---|
| MARKEIS J. CASSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| MICHELIN NORTH AMERICA INC, | ) |
| d/b/a BF GOODRICH, | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, alleges against Defendant that:

1. The Plaintiff is Markeis J. Cassell, a Black/African American male who at all times worked for Defendant Michelin North America Inc., d/b/a FB Goodrich, and who filed a Charge of Discrimination No. 470-2023-02399 with the Equal Employment Opportunity Commission ("EEOC") on or about March 10, 2023, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A. The EEOC issued a Determination and Notice of Rights on or about May 15, 2023 (Exhibit B), and this Complaint has been filed ninety days after receipt thereof.

2. Plaintiff alleges that he was discriminated against, retaliated against, and discharged on account of his race (Black/African American) in violation of 42 U.S.C. § 2000e *et seq*. ("Title VII of the Civil Rights Act of 1964"), and that he was treated differently then Caucasians with respect to the terms, conditions, benefits, and privileges of employment, including employment at-will benefits in violation of 42 U.S.C. § 1981, for the reason and facts set forth in attached Exhibit A.

–1–

3. Defendant Michelin North America Inc. d/b/a BF Goodrich is a corporation authorized to do business in the state of Indiana and does so at 18906 Old 24, Woodburn, IN 46797-0277. Its corporate office is located at One Parkway S., P.O. Box 19001, Greenville, SC 29602. Its resident agent is CT Corporation System, 334 North Senate Ave., Indianapolis, IN 46204.

4. Plaintiff alleges that Defendant discriminated against him and retaliated against him in violation of his rights under the Family Medical Leave Act in that he was assessed points for absences for his mother's serious health condition and was ultimately fired for absences, even though he provided Defendant doctor slips showing his mother's serious health condition and he told Defendant that he would need time off for his mother's serious health condition. Plaintiff's claims of denial of substantive benefits under the FMLA, retaliation for taking leave under the FMLA, and job interference under the FMLA are based upon the facts and allegations contained in his Charge of Discrimination, Exhibit A attached hereto.

5. Plaintiff contends that similarly situated Caucasians who are in need of FMLA medical leave or who have to take medical leave for family members who are suffering serious health conditions, are treated better and are provided leave without being discriminated against, retaliated against, or having their job interfered with as a result of taking FMLA leave.

6. Plaintiff was employed by Defendant from about February 5, 2018, up to about the time of his discriminatory and retaliatory termination, May 17, 2022. As a direct and proximate result of being discriminated against, retaliated against, and discharged for

–2–

the reasons set forth above, Plaintiff lost his job- and job-related benefits including income. Plaintiff experienced emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other damages and injuries all for which he seeks compensatory damages.

7. The actions of the Defendant were intentional and in reckless disregard of Plaintiff's federally protected civil rights under Title VII, 42 U.S.C. § 1981, and the FMLA warranting an imposition of punitive damages/liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for pecuniary damages, compensatory damages, punitive damages on the Title VII and § 1981 claims, and liquidated damages on the FMLA claim, for reasonable attorney's fees and costs in the action, and for all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
Counsel for Plaintiff

–3–

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 470-2023-02399 |

Equal Employment Opportunity Commission and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Markeis J. Cassell | (260) 704-8588 | Redacted |

| Street Address | City, State and ZIP Code |
|---|---|
| 4612 Werling Drive | Fort Wayne, IN 46806 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Michelin North America I d/b/a BF Goodrich | 16+ | 877-435-7868 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Parkway S., P.O. Box 19001, Greenville, SC 29602/ | |

BF Goodrich 18906 Old 24, Woodburn, IN 46797-0277 ; mailing address P.O. Box 277, Woodburn IN, 46797-0277

Registered Agent

CT Corporation System

| Street Address | City, State and ZIP Code |
|---|---|
| 334 North Senate Ave. | Indianapolis, IN 46204 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☐ SEX Pregnancy  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ Other:

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: February 2022   Latest: 05/17/2022

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*

I. The Complainant is Markeis J. Cassell, is gentleman of the black/African American race. The Complainant contends that the Respondent discriminated against and/or retaliated against him on the basis of his color/race, in violation of his federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000(e) *et seq.* ("Title VII"). (In the alternative, the Complainant contends the Respondent discriminated against and/or retailed against him in violation of his rights under 42 U.S.C § 1981, and/or the Family Medical Leave Act (FMLA).)

II. The Respondent is BF Goodrich, a company doing business at 18906 Old 24, Woodburn, IN 46797-0277, and with a mailing address of P.O. Box 277 Woodburn, IN 46797-0277. Its registered agent is At all material times to this charge, the Respondent was an "employer" for the purposes of Title VII (as well as § 1981, and the FMLA).

III. The Complainant was employed by the Respondent from on or about 02/05/2018, until his wrongful termination on or about 05/17/2022. The Complainant performed within the reasonable

EXHIBIT A

Continued on Page 2

expectations of the Respondent at all material times to this charge and held the position of Tire Sorter at the time of separation of employment.

IV. During the Complainant's employment with the Respondent, he was the primary caregiver for his mother Cynthia Stevens, who suffered from a serious medical condition. During the Complainant's final year working with the Respondent, he sought time off under the Family Medical Leave Act in order to attend to his mother's care and treatment.

V. On or about March 18, 2022, the Complainant learned that his mother's serious health condition had flared up, she was unable o walk, and she needed the Complainant's care and assistance. Prior to that date, the Complainant had been utilizing intermittent FMLA leave to care for his mother. Most recently, he had been approved for intermittent FMLA leave on 02/14/2022. The intermittent leave was approved for 6-month periods at a time.

VI. The Complainant was offered continuous leave for the period of 03/23/22 through 04/04/2022 to attend to his mother, which he accepted. However, the beginning date of the continuous FMLA leave was initially treated as 02/14/2022 instead of 03/23/2022. The Complainant took steps to correct that error, so that the FMLA leave could be switched back to intermittent FMLA leave.

VII. The Complainant was terminated by the Respondent on 05/17/2022. The proffered reason for the termination was due to absenteeism. But they assessed the absences based on time off he took to attend to his mother's serious health condition, for which he was supposed to receive FMLA.

VIII. On May 24, 2022, the Complainant submitted to the Respondent a letter from his mother's medical provider, in support of the FMLA leave that he was entitled to receive for his recent absences due to caring for his mother's and her serious health condition. The note explained that the Complainant needed time off of work when his mother had intermittent periods of debilitating episodes from her condition. The Respondent nevertheless failed to reinstate him to his position, and the Complainant remained terminated.

IX. The Complainant contends that similarly situated non-black/non-African American employees in contrast, were treated more favorably than the Complaint, in that they were granted intermittent FMLA when they requested it, and were not terminated. In addition, the Plaintiff contends that unlike the Respondent's non-black/ non-African American employees who requested and used FMLA leave, both the Complainant and a second black/ African American employee were treated more harshly by being terminated for asserting their rights to use FMLA.

X. The Complainant contends that the proffered reason for termination was false and pretextual, and that in reality the Respondent discriminated against, retaliated against, and wrongfully terminated him on the basis of his color/race, in violation of his federally protected rights under Title VII (and § 1981, and/or the FMLA). The Respondent's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of his job and job related benefits including income, and also subjected the him

Continued on Page 3

to inconvenience, mental anguish, emotional distress, and other damages and injuries.

XI. The Complainant is entitled to seek Compensatory Damages, and reasonable attorney fees and costs from the Respondent.

XII. The Respondent's complained of discriminatory and/retaliatory conduct furthermore was intentional, knowing, willful, wanton and in reckless disregard of the Complainants Federally Protected Rights under Title VII (and § 1981 and/or FMLA). The Complainant is entitled to seek punitive damages against the Respondent under Title VII (and § 1981: and/or punitive damages pursuant to FMLA).

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/10/23
Date

*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

03-10-2023

Page 3

GWYNNE L. LINK
Notary Public, State of Indiana
Allen County
Commission Number 674570
My Commission Expires
October 22, 2023

02D09-2308-CT-000561
Allen Superior Court 9
Filed: 8/9/2023 3:32 PM
Clerk
Allen County, Indiana
BB

USDC IN/ND case 1:23-cv-00380-GSL-SLC    document 4    filed 08/09/23    page 7 of 8

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Indianapolis District Office
101 West Ohio St, Suite 1900
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/15/2023

To: Markeis Cassell
4612 Werling Drive
Fort Wayne, IN 46806
Charge No: 470-2023-02399

EEOC Representative and email:    FREDERICK BRUBAKER
Enforcement Supervisor
frederick.brubaker@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 470-2023-02399.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
05/15/2023
Michelle Eisele
District Director



EXHIBIT
B

cc:
Christy Rogers
Maynard Nexsen
1230 Main Street
Suite 700
Columbia, SC 29201

Christopher Myers
809 South Calhoun
Fort Wayne, IN 46802

Please retain this notice for your records.